UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEITH MORGAN AND MARYLOU MORGAN,

                          APPELLANTS,          DECISION AND ORDER
                    -v-                        09-CV-6360 CJS

KENNETH W. GORDON, AS TRUSTEE

                          APPELLEE,

_____

## INTRODUCTION

Now before the Court is an appeal by Keith Morgan and Marylou Morgan

("Debtors"), of the Decision and Order of the United States Bankruptcy Court for the

Western District of New York, which held that payments being made to Mrs. Morgan

under an annuity contract were not exempt from execution.  The Court finds that such

payments are exempt.

## BACKGROUND

"Under 11 U.S.C. § 522(b), debtors  may exempt certain property from their

bankruptcy estate." *In re Baker*, 604 F.3d 727, 730 (2d Cir. 2010).  In that regard, New

York debtors may exclude property as provided in New York Debtor & Creditor Law §

282, which exempts "annuity contracts and the proceeds and avails thereof as provided

in section three thousand two hundred twelve of the insurance law." *See, id*.

Specifically, Insurance Law § 3212 states, in pertinent part, that, "[t]he benefits, rights,

privileges and options which, under any annuity contract are due or prospectively due

the annuitant, who paid the consideration for the annuity contract, shall not be subject

1

to execution." McKINNEY'S N.Y. INS. LAW § 3212(d)(1) (West 2011).  However, such

exemption is not absolute, since pursuant to Insurance Law § 3212(d)(2), "the court

may order the annuitant to pay a judgment creditor or apply on the judgment in

installments, a portion of such benefits that appears just and proper to the court, with

due regard for the reasonable requirements of the judgment debtor and his family[.]"

See, In re Baker, 604 F.3d at 729 (Observing that the bankruptcy court had "discretion

to order [the debtor] to pay a portion of the annuity payments to creditors under New

York Insurance Law § 3212(d)(2).").

In or about 1976, the parents of debtor Marylou Morgan ("Mrs. Morgan")

commenced a civil action on behalf of their daughter, who had lost her arm due to

alleged medical malpractice.  At that time, Mrs. Morgan was an infant, and was known

by her maiden name, Mary Louise DiRenzo.  The civil action was against St. Mary's

Hospital and Dr. Muhammad Umar, who were insured by United States Fidelity and

Guaranty Company ("USF&G").  The parties settled the lawsuit, and on November 24,

1981, the New York State Supreme Court, Monroe County, issued an Amended Order

("the Settlement Order") memorializing the terms of the settlement.  In pertinent part,

the Settlement Order states:

> ORDERED, that [USF&G], as insurer of St. Mary's Hospital, shall pay
> monthly to Erie Savings Bank (formerly Home Federal Savings and Loan
> Association), at its Rochester, New York office at One East Main Street,
> Rochester, New York 14614, and Mary Louise DiRenzo, jointly, the
> approximate sum of Nine Hundred Four ($904.00) Dollars for the life of
> the said Mary Louise DiRenzo, or twenty (20) years, whichever is longer
> and the said *[USF&G] shall purchase an annuity contract with itself as
> owner, in order to secure their obligations to make the monthly payments
> of Nine Hundred and Four ($904.00) Dollars, and shall assign said annuity
> insurance policy as collateral*:

2

1. Said monthly payments shall commence on the first day of April, 1981, and shall be made on the first day of each month thereafter.  Said monthly payments shall continue for a period of twenty (20) years or two hundred forty (240) months and throughout the lifetime of Mary Louise DiRenzo thereafter.  All payments after the twenty (20) year guaranteed payment period shall cease upon the death of Mary Louise DiRenzo, should said Mary Louise DiRenzo die within that twenty (20) year period.

2. [USF&G] shall, at all times, remain directly responsible for the payment of all sums and obligations herein.  As additional security for the monthly sum of Nine Hundred Four ($904.00) Dollars, *[USF&G] shall purchase an annuity contract from the Thomas Jefferson Life Insurance Company at Wall Street Plaza, New York, New York 10005, with Mary Louise DiRenzo designated as beneficiary under said annuity contract. Payments made pursuant to said annuity contract shall operate as a pro-tanto discharge of the scheduled installments or a monthly payment.*  Said annuity contract is to be owned by [USF&G].

***

and it is further

ORDERED, that no withdrawals shall be made from the account established in the Erie Savings Bank . . . for the infant, Mary Louise DiRenzo, except by Order of this Court until the said infant herein attains the age of 18 years.

(emphasis added).   From this language, several points are clear.  First, USF&G was specifically required, as part of the settlement, to purchase an annuity with Mary Louise DiRenzo as the designated beneficiary.  Moreover, payments from the annuity were to operate as a *pro tanto*[1] discharge USF&G's obligation to make monthly payments, meaning that Ms. DiRenzo was to actually receive payments from the annuity, not from USF&G, and that to the extent that such payments were actually made, they discharged USF&G's obligation to make the monthly payments.  And finally, despite purchasing the annuity, USF&G remained liable for payment of the settlement amount, to the extent

---

[1] pro tanto ( =  to that extent; as far as it goes). A DICTIONARY OF MODERN LEGAL USAGE 708 (2d ed. 1995).

3

that it was not paid by the annuity.[2]  It is undisputed that USF&G purchased such an

annuity naming Ms. DiRenzo as beneficiary, and that Mrs. Morgan continues to receive

such annuity payments.

On November 5, 2008, Mrs. Morgan, formerly Ms. DiRenzo, and her husband,

Mr. Morgan, filed a Chapter 7 bankruptcy petition.  Debtors listed the $904.00 monthly

payment to Mrs. Morgan as a scheduled asset, and claimed that it was exempt under

New York Civil Practice Law and Rules ("CPLR") § 5205(c) and Insurance Law §

3212(d)(1).  The Trustee objected to the exemption, and alternatively, argued that the

Bankruptcy Court should require Debtors to pay a portion of the annuity to creditors,

pursuant to Insurance Law § 3212(d)(2).  Debtors filed the subject motion to strike the

Trustee's objection.  Bankruptcy Court issued an Order denying the Debtors' motion,

finding that the subject annuity was not exempt under Insurance Law  § 3212.  In that

regard, Bankruptcy Court found that Mrs. Morgan had not provided consideration for the

annuity.  Instead, the Order concluded that USF&G had paid the consideration.  On this

point, Bankruptcy Court viewed USF&G's purchase of the subject annuity as a

voluntary action that was contrary to the terms of the Settlement Order.  Since,

Bankruptcy Court found that the subject asset was not an annuity covered by Insurance

Law § 3212(d)(1), it did not reach the Trustee's alternate argument.  The subject appeal

followed.

---

[2]In the Order that is here being appealed, Bankruptcy Court stated: "The Settlement Order did not direct USF&G to purchase an annuity to fund the Structured Settlement and it did not contemplate having Ms. Morgan paid in the first instance through the annuity, as is the case in many, if not most, structured settlements." Order [#1-3].

STANDARD OF REVIEW

Pursuant to 28 U.S.C. §158, "the district courts of the United States . . . have

jurisdiction to hear appeals" "from final judgments, orders, and decrees" of a bankruptcy

judge. 28 U.S.C. §158(a)(1).  Additionally, as outlined under Rule 8013 of the Federal

Rules of Bankruptcy Procedure, "[o]n an appeal the district court may affirm, modify, or

reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for

further proceedings," and findings of fact "shall not be set aside unless clearly

erroneous." Fed.R.Bankr.P.8013.  Moreover,

> [u]nder this standard, the district court is not authorized to engage in
> independent fact finding and reviews the bankruptcy court's findings only
> for clear error.  The findings of fact can only be set aside by the district
> court when, after reviewing the evidence, the court is left with the firm and
> definite conviction that a mistake has been committed.

*Bagel Bros. Maple, Inc. v. Ohio Farmers, Inc.*, 279 B.R. 55, 61 (Bankr. W.D.N.Y. 2002)

(citations and internal quotation marks omitted).  However, when a district court is

reviewing conclusions of law, a *de novo* standard is applied. *Id.; See also, In re Enron*

*North America Corp.*, 312 B.R. 27, 28 (Bankr. S.D.N.Y. 2004).  The interpretation of a

court order is a legal conclusion to be reviewed *de novo. See, U.S. v. Spallone*, 399

F.3d 415, 423 (2d Cir. 2005) ("The interpretation of the text of [another court's] order or

judgment is considered a conclusion of law subject to de novo review. ").

DISCUSSION

The Court finds that the subject asset is an exempt annuity for which Mrs.

Morgan paid consideration, within the meaning of Insurance Law § 3212(d)(1).  At the

outset, it is well-settled that exemption provisions are to be construed liberally. *See, In*

*re Keil*, 88 F.2d 7, 8 (2d Cir. 1937) ("Exemption statutes are to be liberally construed.");

*In re Glenn*, 430 B.R. 56, 58 (Bkrtcy.N.D.N.Y. 2010) ("Exemption statutes are to be

construed liberally in favor of a debtor.") (citations omitted).  Moreover, as the objecting

party, the Trustee has the burden of proving that the exemption is not properly claimed.

*See*, Federal Rule of Bankruptcy Procedure 4003(c).

 The Second Circuit recently clarified that a debtor is entitled to exempt annuity

payments to which he is entitled, even if he, like Mrs. Morgan, does not own the annuity

policy:

> On appeal, the trustee maintains that Baker cannot rely on New York law
> to exempt the annuity at issue from the bankruptcy estate because he
> does not own it. The argument is flawed in conflating the annuity contract,
> which is owned by the insurance company, with the proceeds payable
> under that contract, which are due solely to Baker. New York law does not
> exempt only the annuity; it exempts the "proceeds and avails thereof,"
> N.Y. Debt. & Cred. Law § 282, specifically providing that "[t]he benefits,
> rights, [and] privileges" under the annuity contract are "not subject to
> execution," N.Y. Ins. Law § 3212(d)(1). These provisions are broad
> enough to allow Baker to exempt future annuity payments from the
> bankruptcy estate.

*In re Baker*, 604 F.3d 727, 730 (2d Cir. 2010) (citation omitted).  Additionally, a person

who settles a personal injury action in exchange for the right to receive annuity

payments is deemed to have "paid the consideration for the annuity" within the meaning

of Insurance Law § 3212(d)(1).  *See, In re Baker*, 604 F.3d at 731 ("The trustee

contends that the annuity is not exempt because Baker did not pay the consideration

for the annuity contract.  We easily conclude, however, that Baker provided the

requisite consideration when he released his wrongful death claim.") (citations and

internal quotation marks omitted); *see also, In re Jacob*, 418 B.R. 37, 40 (Bankr.

N.D.N.Y. 2009) ("[Debtor] paid valuable consideration when he gave up his right to continued litigation for damages resulting from his personal injury in exchange for the annuity proceeds.").

CONCLUSION

Bankruptcy Court's Order dated June 8, 2009 is reversed, and the matter is remanded to Bankruptcy Court for a determination of what portion of the annuity payment, if any, may be used to pay judgment creditors, pursuant to Insurance Law § 3212(d)(2).

SO ORDERED.

Dated: Rochester, New York
       April 6, 2011

ENTER:


 /s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge